R. L. Byrne *v.* H. R. Bourland.

**Damages—Negligence of Vendee in Failure to Remove Property.**
Where a vendor is prevented by the negligence of the vendee, from the sale of corn or its removal from a place subject to overflow, the vendee is liable for all damages sustained thereby.

**Principal and Agent—Personal Liability of Agent.**
A personal action for damages for loss on corn purchased by an agent, cannot be maintained *against* the agent, but must be against the principal.

**Evidence—Acts of an Agency Generally Known to Vendors.**
Testimony is permissible to establish an agency, by proof that it was generally known in the town where a contract was made, that the agent was purchasing corn for his principal.

**Same—Knowledge of Agency.**
Knowledge of such agency, however acquired by a vendor, is sufficient to relieve the agent from personal responsibility.

**Instructions—Disclosure of Agency.**

> An instruction, in a suit against an agent, for personal responsibility, for damage for delay in removing property bought, is misleading in apparently requiring an express disclosure of the agency and of the names of the principals at the time of the contract.

APPEAL FROM UNION CIRCUIT COURT.

January 6, 1869.

OPINION OF THE COURT BY JUDGE ROBERTSON:

As, according to the allegations and preponderating evidence, Bourland was prevented by the negligent and persistent conduct of Byrne from selling his corn to some other person or removing it from the island, the vendee is legally responsible for all the damages resulting from the loss of the corn by the overflow—and the verdict was in that respect neither unauthorized nor excessive.

But if Byrne bought the corn as mere agent of Lemont & Co., and the parties so understood at the time of the contract, his constituents alone are liable to this action, and the judgment against him is not maintainable.

As there was some evidence of such agency and mutual understanding, that evidence might have been legally *corroborated* by proof that it was generally known in the town where the contract was made that Byrne was purchasing corn as the agent of Lemont & Co., and consequently the circuit court erred in refusing to admit testimony to that effect.

The fourth instruction was also misleading and therefore erroneous in apparently requiring an *express* disclosure of the agency and of the names of the principals *at the time* of the contract.

Knowledge of those facts by Bourland, however acquired, and of the fact that the contract was made by Byrne as agent of Lemont & Co., was sufficient to relieve the agent from personal responsibility.

Moreover, there is no proof of the quantity of Bourland's corn.

On these grounds, the judgment is reversed and the cause

remanded for further and amended proceedings as may be necessary for justice to all parties concerned.

*Bush, Spalding & Chapeze, Gibson, for appellant.*

*W. H. Goodloe, for appellee.*